IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:05CV73708 |
| ) | |
| v. ) | Honorable Bernard A. Friedman |
| ) | |
| 33/88 pound plastic bags, more or less, ) | Magistrate Judge Mona K. Majzoub |
| of dried thyme, an article of food, ) | |
| labeled in part: ) | |
| ) | |
| (bag) ) | |
| ) | |
| "*** Prepared THYME (Bulck) [sic] ) | |
| Imported by: REEF BRANDS INC *** PRODUCT ) | |
| OF JORDAN Net Wt. 88 Lbs. (40 Kgs.) ***" ) | |
| ) | |
| and ) | |
| ) | |
| all other articles of food in cloth, ) | |
| paper, burlap and plastic bags, cardboard ) | |
| containers, boxes, and plastic weave con- ) | |
| tainers that are located anywhere on the ) | |
| premises of Reef Brands, Inc., 20237 John ) | |
| R Street, Detroit, Michigan, to which are ) | |
| affixed labels bearing, among other ) | |
| things, the name and address of the manu- ) | |
| facturer, packer, or distributor located ) | |
| outside the State of Michigan, or which ) | |
| are otherwise determined to have origi- ) | |
| nated outside the State of Michigan, ) | |
| ) | |
| Defendants. ) | |



FILED
JAN - 4 2006
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

## CONSENT DECREE OF CONDEMNATION

On September 28, 2005, the United States of America ("Plaintiff"), by and through its attorneys, Stephen J. Murphy III, United States Attorney for the Eastern District of Michigan, and T.N. Ziedas, Assistant United States Attorney, filed a verified Complaint for Seizure and Condemnation ("Complaint") in this Court against the above-described articles. The Complaint alleges that the defendant articles are articles of food that are adulterated within the meaning of the Federal Food, Drug, and Cosmetic Act (the "Act"), 21 U.S.C. § 342(a)(4), while held for sale after shipment in interstate

commerce, in that they have been prepared, packed, or held under insanitary conditions whereby they may have become contaminated with filth.

Pursuant to the Warrant for Arrest of Property In Rem issued by this Court, the United States Marshal for this District seized the above-described articles on October 3, 2005. The United States caused notice of the Complaint and seizure to be published in accordance with the applicable rules of this Court. On November 16, 2005, Reef Brands, Inc. ("Claimant"), intervened and filed a Verified Statement of Interest in the seized articles.

Claimant affirms that it has an interest in the seized articles of food, and Claimant further affirms that it shall hold the United States harmless should any other party or parties hereafter file or seek to file a statement of interest or right to intervene in this action, or seek to defend or obtain any part of the seized articles subject to this Consent Decree of Condemnation ("Decree"). Claimant now consents that a decree, as prayed for in the Complaint, be entered condemning the articles under seizure.

Claimant consents to the entry of this Decree without contest and without further proceedings before this Court. Plaintiff having consented to the entry of this Decree, and the Court being fully advised of the basis thereof, it is now ORDERED, ADJUDGED, and DECREED as follows:

1. This Court has jurisdiction over this action and all parties pursuant to 28 U.S.C. § 1345 and 21 U.S.C. § 334.

2. The seized articles are articles of food that are adulterated within the meaning of the Act, 21 U.S.C. § 342(a)(4), in that they

have been held under insanitary conditions whereby they may have become contaminated with filth.

3. The seized articles, therefore, are condemned pursuant to 21 U.S.C. § 334 and forfeited to the United States.

4. Pursuant to 21 U.S.C. § 334(e), Claimant shall pay to the United States all court costs and fees, storage, and other proper expenses. Claimant shall pay these costs within ten (10) days after receiving notice from the United States Food and Drug Administration ("FDA") of such costs.

5. Within twenty (20) calendar days of the entry of this Decree, Claimant shall execute and file with the Clerk of this Court a good and sufficient penal bond with surety in the amount of $120,000 in a form acceptable to the Clerk of this Court and payable to the United States of America, and conditioned on Claimant's abiding by and performing all of the terms and conditions of this Decree and of such further orders and decrees as may be entered in this proceeding.

6. Claimant shall, at its own expense, clean its facility and render it sanitary and fit for the storage and handling of articles of food, and thereafter, submit a written request to FDA for an inspection of Claimant's facility. Following receipt of Claimant's written request, FDA will conduct an inspection of Claimant's facility to determine whether the facility is sanitary and fit for the proper storage and handling of articles of food and will inform Claimant, in writing, of the results of that inspection.

7. After filing the penal bond with the Clerk of this Court pursuant to paragraph 5 of this Decree, and paying the costs pursuant to paragraph 4 of this Decree, Claimant shall give written notice to

FDA that Claimant, at its own expense, is prepared to attempt to bring the condemned articles into compliance with the law under the supervision of a duly authorized FDA representative.

8. Claimant shall not commence, permit any other person to commence, or cause any other person to commence attempting to bring the condemned articles into compliance with the law unless and until Claimant: (a) receives notice from FDA, in writing, that its facility appears to have been made sanitary and fit for the proper storage and handling of articles of food; (b) submits a written statement to FDA detailing claimant's proposed plan to bring the condemned articles into compliance with the law (the "reconditioning proposal"); (c) receives written approval of the reconditioning proposal from FDA; and (d) receives written authorization from FDA to commence reconditioning. FDA's decisions regarding the adequacy of the cleanliness of the facility and the reconditioning proposal shall be final.

9. Following Claimant's payment of costs pursuant to paragraph 4 and posting of the penal bond as required by paragraph 5 of this Decree, and following Claimant's receipt of FDA's written authorization to commence reconditioning as described in paragraph 8, the United States Marshal for this District, upon receiving notice from the United States Attorney for this District or FDA, shall release the condemned articles from his custody to the custody of Claimant for the sole purpose of attempting to bring such articles into compliance with the law pursuant to the reconditioning proposal described in paragraph 8.

10. Claimant shall at all times, until all of the condemned articles have been released in writing by an FDA representative, retain all of the condemned articles intact for examination or inspection by

the FDA representative in a place made known to and approved by FDA, and shall maintain the records or other proof necessary to establish the identity of the articles to the satisfaction of the FDA representative.

11. Within thirty (30) calendar days of receiving written authorization to commence reconditioning, Claimant shall complete its attempt to bring all of the condemned articles into compliance with the law in accordance with the reconditioning proposal approved pursuant to paragraph 8, and under the supervision of FDA. Claimant shall destroy any article that has not been brought into compliance within forty (40) calendar days of receiving written authority to commence reconditioning, at its own expense and under the supervision of FDA, and shall make due return to this Court.

12. Claimant shall at no time, and under no circumstances whatsoever directly or indirectly, cause or permit the shipment, sale, offer for sale, or other disposal of any part of the condemned articles until: (a) FDA has had free access to all of the condemned articles in order to take any samples or make any tests or examinations that are deemed necessary; (b) Claimant has been advised by FDA, in writing, that its facility has been made sanitary and fit for the proper storage and handling of articles of food; and (c) FDA has released, in writing, all of the condemned articles for shipment, sale, or other disposition.

13. Claimant shall at no time, and under no circumstances whatsoever directly or indirectly, receive, prepare, pack, hold, or distribute any additional articles of food at its facility until Claimant has been advised by FDA, in writing, that its facility has

been made sanitary and fit for the proper storage and handling of articles of food, as set forth in paragraphs 6 and 8(a).

14. Claimant shall not sell, ship, destroy, or dispose of, or permit or cause another person to sell, ship, destroy or dispose of, the condemned articles or any part of the condemned articles in a manner contrary to the provisions of the Act, or other laws of the United States, or of any State or Territory (as defined in the Act), in which they are disposed of or sold.

15. If Claimant breaches any condition of this Decree, or in any subsequent decree or order in this proceeding, Claimant shall, at his own expense, immediately return any of the condemned articles that have not been released by FDA pursuant to paragraph 12(c) to the United States Marshal for this District, or otherwise dispose of them pursuant to an order of this Court. In the event that return of any of the condemned articles becomes necessary pursuant to this paragraph, Claimant shall be responsible for all costs of storage and disposition that are incurred by the United States.

16. If, within thirty (30) days of the entry of this Decree, Claimant does not avail itself, in the manner stated in this Decree, of the opportunity to repossess the condemned articles, the United States Marshal for this District shall destroy the condemned articles and make due return to this Court regarding their disposition. Claimant shall bear the costs of storage and destruction that are incurred by the United States pursuant to this paragraph, and shall pay such costs within twenty (20) calendar days of receiving an invoice from FDA.

Received: 12/21/05 2:46PM; 313 226 800 -> AKOURI & ASSOCIATES; Page 8
12/21/05 12:05 FAX 3132264560
2:05-cv-73709-BAF-MKM   Doc # 7   Filed 01/04/06   Pg 7 of 10   Pg ID 21
☑008

17. Should Claimant fail to abide by and perform all the terms and conditions of this Decree or any such further order or decree as may be entered in this proceeding, then the penal bond described in paragraph 5 shall on motion of Plaintiff in this proceeding, be forfeited in its entirety to the United States of America and judgment entered thereon, and any condemned articles remaining in the custody of the United States Marshal shall be forfeited and disposed of pursuant to further order of this Court.

18. The United States Attorney for this District, upon being advised by an FDA representative that all of the condemned articles have been brought into compliance with the Act and the requirements of this Decree, or destroyed in compliance with this Decree, and that Claimant has paid all costs as of that date, will transmit such information to the Clerk of this Court, whereupon the penal bond given in this proceeding shall be returned to the Claimant.

19. If requested by an FDA representative, Claimant shall furnish duplicate copies of invoices of sale of any released article, or such other evidence of disposition as an FDA representative requests.

20. Claimant shall reimburse the United States for the costs of supervising Claimant's compliance with the terms of this Decree, including all inspections, examinations, reviews, evaluations, and analyses conducted pursuant to this Decree, at the standard rates prevailing at the time the activities are accomplished. As of the date this Decree is signed by the parties, the rates are: $73.55 per hour or fraction thereof per representative for time spent on supervision other than laboratory and analytical work; $88.15 per hour

or fraction thereof per representative for laboratory and analytical work; $0.485 per mile for travel expenses; and the published government per diem rate for subsistence expenses where necessary. In the event that the standard rates generally applicable to FDA's supervision of court-ordered compliance are modified, these rates shall be increased or decreased without further order of this Court.

21. Representatives of FDA shall be permitted, without prior notice and as and when FDA deems necessary, to make inspections of Claimant's facility, and, without prior notice, take any other measures necessary to monitor and ensure continuing compliance with the terms of this Decree. During such inspections, FDA representatives shall be permitted access to buildings, equipment, articles of food, containers, and packaging material(s) therein; to take photographs and make video recordings; to take samples of Claimant's articles of food, containers, and packaging material(s); and to examine and copy all records relating to the receiving, processing, preparing, packing, holding, handling, and distributing of any and all articles of food. The inspections shall be permitted upon presenting a copy of this Decree and appropriate credentials. The inspection authority granted by this Decree is separate from, and in addition to, the authority to make inspections under the Act, 21 U.S.C. § 374.

22. Claimant shall abide by the decisions of the FDA representative, which shall be final. All decisions specified in this Decree shall be vested in the discretion of FDA. When contested by Claimant, FDA decisions under this Decree shall be reviewed by this Court under the arbitrary and capricious standard set forth in

5 U.S.C. § 706(2)(A). Review shall be based exclusively on the written record before FDA at the time the decision was made. No discovery shall be taken by either party.

23. All notifications, correspondence, and communications required by this Decree shall be addressed to the District Director, Detroit District Office, U.S. Food and Drug Administration, 300 River Place, Suite 5900, Detroit, Michigan 48207.

24. This Court retains jurisdiction to issue such further decrees and orders as may be necessary to the proper disposition of this proceeding.

SO ORDERED:

Dated this 4th day of Jan, 2006.

_____UNITED STATES DISTRICT JUDGE

We hereby consent to the entry of the foregoing:

FOR CLAIMANT:

*[signature]*

Steve Saba, President/Owner on behalf of Reef Brands, Inc.

*[signature]*

Robert L. Akouri
Akouri & Associates, P.L.L.C.
6528 Schaefer Road
Dearborn, MI 48126
Phone: (313) 584-1404
Counsel for Claimant

FOR PLAINTIFF:

STEPHEN J. MURPHY III
United States Attorney

*[signature]*

T.N. Ziedas #P34653
Assistant United States Attorney
211 West Fort Street
Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9573
Fax:   (313) 226-2311

AMY GOLDFRANK
Office of Consumer Litigation
United States Department of Justice

OF COUNSEL:

PAULA STANDARD
Acting General Counsel

SHELDON T. BRADSHAW
Associate General Counsel
Food and Drug Division

ERIC M. BLUMBERG
Deputy Chief Counsel, Litigation

JAMES R. JOHNSON
Trial Attorney
United States Department of Health and Human Services
Office of General Counsel
5600 Fishers Lane, GCF-1
Rockville, Maryland 20857
Phone: (301) 827-5212
Fax:   (301) 827-3076